## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SUGARTOWN WORLDWIDE LLC,

              Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

              Defendants.

Case No. 19-cv-05668

## COMPLAINT

Plaintiff Sugartown Worldwide LLC ("Lilly Pulitzer" or "Plaintiff") hereby brings the present action against The Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I.  JURISDICTION AND VENUE

1.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at

least the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using counterfeit versions of Lilly Pulitzer's trademarks and/or unauthorized copies of Lilly Pulitzer's federally registered copyrighted designs (collectively, the "Unauthorized Lilly Pulitzer Products"). Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold Unauthorized Lilly Pulitzer Products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Lilly Pulitzer substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Lilly Pulitzer to combat online counterfeiters who trade upon Lilly Pulitzer's reputation and goodwill by selling and/or offering for sale Unauthorized Lilly Pulitzer Products. The Defendants create the Defendant Internet Stores by the dozens and design them to appear to be selling genuine Lilly Pulitzer products, while actually selling Unauthorized Lilly Pulitzer Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Lilly Pulitzer is

2

forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted designs, as well as to protect unknowing consumers from purchasing Unauthorized Lilly Pulitzer Products over the Internet. Lilly Pulitzer has been and continues to be irreparably damaged through the infringement of its valuable trademarks and copyrighted designs as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiffs**

4. Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 999 Peachtree Street, NE, Suite 688, Atlanta, Georgia 30309. Plaintiff designs, markets, distributes, and sells upscale collections of women's and girl's dresses, sportswear and other products. Lilly Pulitzer was originally created in the late 1950's with a brand heritage and aesthetic based on the Palm Beach resort lifestyle.

5. For generations, Lilly Pulitzer has come to represent the resort lifestyle for women and girls of all ages. Lilly Pulitzer designs, manufactures, distributes, and sells a wide variety of products including clothing, jewelry, bags, and accessories (collectively, the "Lilly Pulitzer Products"), all of which prominently display Lilly Pulitzer's federally registered trademarks and/or copyrighted designs. Lilly Pulitzer Products are renowned for their high quality and style and are identified and recognized by the use of the Lilly Pulitzer name, copyrighted designs, and trademarks.

6. Lilly Pulitzer Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative designs. Among the purchasing public, genuine Lilly Pulitzer Products are instantly recognizable as such. In the United States and in many other countries, the Lilly Pulitzer brand has come to symbolize high quality, and Lilly

Pulitzer Products are among the most recognizable of their kind in the world. Lilly Pulitzer Products are distributed and sold to consumers throughout the United States and can be found in Lilly Pulitzer branded stores, in high-end department stores such as Nordstrom and Belk, in a variety of independent specialty stores, and on Lilly Pulitzer's e-commerce website at lillypulitzer.com.

      7.     Lilly Pulitzer incorporates a variety of distinctive marks in the design of its various Lilly Pulitzer Products. As a result of its long-standing use, Lilly Pulitzer owns common law trademark rights in its trademarks. Lilly Pulitzer has also registered its trademarks with the United States Patent and Trademark Office. Lilly Pulitzer Products typically include at least one of Lilly Pulitzer's registered trademarks. Often, several Lilly Pulitzer marks are displayed on a single product. Lilly Pulitzer uses its trademarks in connection with the marketing of its Lilly Pulitzer Products, including the following marks which are collectively referred to as the "Lilly Pulitzer Trademarks."

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 1,157,374 | LILLY PULITZER (word mark) | For: clothing-Namely, Jeans, Pants, Slacks, Shirts, Belts, Jackets, Skirts and Shorts in class 025. |
| 1,926,195 | LILLY PULITZER (word mark) | For: jeans, pants, slacks, shirts, jackets, skirts, shorts, dresses, sweaters, blouses, swimwear, sleepwear, children's wear; namely, dresses in class 025<br><br>For: tote bags in class 018. |
| 1,990,353 | LILLY PULITZER (word mark) | For: agenda and notebook planner books in class 016.<br><br>For: handbags, umbrellas and knapsacks in class 018.<br><br>For: sleepwear, robes, footwear in class |

4

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| | | 025. |
| 3,620,844 | LILLY PULITZER (word mark) | For: perfume, fragrances for personal use and body creams in class 003.<br><br>For: eyeglasses, sunglasses, and eyewear cases in class 009. |
| 2,152,933 | LILLY PULITZER (word mark) | For: belts, raincoats, headwear, namely, children's wear, namely, sweaters, blouses, shirts, skirts, jeans, pants, slacks and shorts in class 025. |
| 2,880,228 | LILLY PULITZER (word mark) | For: precious and non-precious jewelry and watches in class 014. |
| 4,832,850 | LILLY PULITZER (word mark) | For: cosmetics in class 003. |
| 4,111,667 | LILLY PULITZER (word mark) | For: protective covers and cases for cell phones, laptops and portable media players; Sunglass chains and cords in class 009.<br><br>For: bowls; drinking cups; drinking glasses, namely, tumblers; glass beverageware; Ice buckets; plastic water bottles sold empty; plates; portable coolers; reusable stainless steel water bottles sold empty; and serving trays in class 021. |
| 3,612,987 | *Lilly Pulitzer* | For: eyeglasses, sunglasses, eyewear cases, eyewear including women's and children's sunglasses and ophthalmic frames in class 009. |
| 3,686,521 | *Lilly Pulitzer* | For: clothing, namely, jeans, pants, slacks, shirts, belts, jackets, skirts, shorts, dresses, sweaters, blouses, swimwear, gowns, sleepwear, robes, raincoats; children's wear, namely, dresses, sweaters, blouses, shirts, jeans, pants, slacks, and shorts; footwear in class 025. |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 3,841,879 |  | For: non-precious jewelry in class 014. |
| 4,729,221 | LUXLETIC<br>(word mark) | For: dresses, pants, and shirts in class 025. |
| 5,768,102 | BABY LILLY<br>(word mark) | For: dresses, Jumpers, and Shirts in class 025. |
| 4,108,919 | LITTLE LILLY<br>(word mark) | For: dresses in class 025. |
| 5,765,823 |  | For: dresses, Shirts, and Swimwear in class 025. |
| 5,576,301 |  | For: dresses, Pants, Shirts, and Shorts in class 025. |
| 3,958,316 |  | For: bags, namely, tote bags, handbags, knapsacks, beach bags, clutch bags, wallets in class 018.<br><br>For: clothing, namely, jeans, pants, slacks, shirts, belts, jackets, skirts, shorts, dresses, sweaters, blouses, footwear; men's clothing, namely, swim trunks, ties and boxer shorts; men's pants, sweaters, shirts in class 025.<br><br>For: retail stores featuring clothing, household linens, personal fragrance, home fragrance, stationery, sunglasses, shoes, clothing accessories, bags; on-line retail store featuring clothing, household linens, personal fragrance, home fragrance, stationery, sunglasses, shoes, clothing accessories, bags in class 035. |

8.    The Lilly Pulitzer Trademarks have been used exclusively and continuously in the U.S. by Lilly Pulitzer, and have never been abandoned.  The above U.S. registrations for the Lilly Pulitzer Trademarks are valid, subsisting, and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  True and correct copies of the federal trademark registration certificates for the above Lilly Pulitzer Trademarks are attached hereto as **Exhibit 1**.  The registrations for the Lilly Pulitzer Trademarks constitute *prima facie* evidence of their validity and of Lilly Pulitzer's exclusive right to use the Lilly Pulitzer Trademarks pursuant to 15 U.S.C. § 1057(b).

9.    The Lilly Pulitzer Trademarks are exclusive to Lilly Pulitzer, and are displayed extensively on Lilly Pulitzer Products and in Lilly Pulitzer's marketing and promotional materials. Lilly Pulitzer Products have long been among the most popular of their kind in the world and have been extensively promoted and advertised at great expense.  In fact, Lilly Pulitzer has expended millions of dollars annually in advertising, promoting and marketing featuring the Lilly Pulitzer Trademarks.  Lilly Pulitzer Products have also been the subject of extensive unsolicited publicity resulting from their high quality and popularity.  Because of these and other factors, the Lilly Pulitzer name and the Lilly Pulitzer Trademarks have become famous throughout the United States.

10.    The Lilly Pulitzer Trademarks are distinctive when applied to the Lilly Pulitzer Products, signifying to the purchaser that the products come from Lilly Pulitzer and are manufactured to Lilly Pulitzer's quality standards.  Whether Lilly Pulitzer manufactures the products itself or licenses others to do so, it has ensured that products bearing its trademarks are manufactured to the highest quality standards.

11. Lilly Pulitzer has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Lilly Pulitzer Trademarks. As a result, products bearing the Lilly Pulitzer Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Lilly Pulitzer. The Lilly Pulitzer Trademarks have achieved tremendous fame and recognition over the years, which has only added to the distinctiveness of the marks. As such, the goodwill associated with the Lilly Pulitzer Trademarks is of incalculable and inestimable value to Lilly Pulitzer.

12. For over the past decade, Lilly Pulitzer has operated an e-commerce website where it promotes and sells genuine Lilly Pulitzer Products at lillypulitzer.com. Sales of Lilly Pulitzer Products via the lillypulitzer.com website represent a significant portion of Lilly Pulitzer's business. The lillypulitzer.com website features proprietary content, images and designs exclusive to Lilly Pulitzer.

13. Lilly Pulitzer has registered many of its designs with the United States Copyright Office (collectively, the "Lilly Pulitzer Copyrighted Designs"), including the following:

| U.S. Copyright Registration No. | Work Title | Issue Date |
|---|---|---|
| VAu001033885 | "Spring 2011" | August 2, 2010 |
| VAu001103843 | "Fall 2012 VV4 Tusk In Sun" | May 9, 2012 |
| VAu001134491 | "Resort 2013 EJ8 Lulu" | May 15, 2013 |
| VAu001103576 | "Resort 2012 AR3 Crown Jewels" | May 7, 2012 |
| VAu001134623 | "Resort 2013 EK2 Feelin' Groovy" | May 15, 2013 |
| VAu001118082 | "Summer 2013 DA8 Let's Cha Cha Mini." | November 21, 2012 |
| VAu001201484 | "2015 Resort Fall KS9 Toucan Play" | February 13, 2015 |
| VAu001212013 | "2015 Resort LF9 Oh Shello" | May 12, 2015 |
| VAu001125283 | "Fall 2013 DS6 Hearts a Flutter" | February 13, 2013 |
| VAu001118290 | "Summer 2013 DQ7 She's a Firecracker" | November 21, 2012 |
| VAu001142080 | "Spring 2014 FE1 The Sea Soiree" | August 15, 2013 |
| VAu001153371 | "Summer 2014 GS1 Lobstah Roll" | November 27, 2013 |
| VAu001153389 | "Summer 2014 GK6 She She Shells" | November 26, 2013 |

8

| VAu001103512 | "Fall 2012 AAA Wild Confetti" | May 9, 2012 |
|---|---|---|
| VAu001103494 | "Fall 2012 SS6 Wild Confetti" | May 9, 2012 |
| VAu001291278 | "2018 Spring Final XP8 Catch the Wave" | August 28, 2017 |
| VAu001090664 | "Summer 2012 - Z14 You Gotta Regatta" | November 29, 2011 |
| VAu001134649 | "Resort 2013 E16 Mai Tai" | May 15, 2013 |
| VAu001232196 | "2016 Resort Fall GM8 Jellies Be Jammin" | August 13, 2015 |
| VAu001324373 | "2019 Summer Initial Cracked Up" | June 28, 2018 |
| VAu001111221 | "Spring 2013 BX1 Lucky Charms Blue Full Blossom" | August 16, 2012 |
| VAu001232291 | "2016 Resort Fall OG2 Exotic Garden" | August 13, 2015 |
| VAu001189807 | "Summer 2015 KB6 Red Right Return" | November 13, 2014 |
| VAu001271341 | "2018 Spring Gumbo Limbo" | March 6, 2017 |
| VAu001200718 | "2016 Spring Initial MH3 Flamenco" | March 11, 2015 |
| VAu001200364 | "2016 Spring Initial MD6 La Playa" | March 10, 2015 |
| VAu001111219 | "Spring 2013 CB9 Ice Cream Social" | August 16, 2012 |
| VAu001157836 | "Fall 2014 HC2 Electric Feel" | February 24, 2014 |
| VAu001219943 | "2016 Summer NJ7 Lovers Coral" | June 12, 2015 |
| VAu001125294 | "Fall 2013 DY8 Bait and Switch" | February 26, 2013 |
| VAu001189684 | "Summer 2015 KD1 Casa Marina" | November 13, 2014 |
| VAu001238224 | "Spring 2017 Initial RI3 Guilty Pleasure" | March 1, 2016 |
| VAu001201471 | "2015 Resort Fall KT7 Private Island" | February 13, 2015 |
| VAu001308176 | "2018 Fall Final BE1 Mermaid Cove Engineered Skipper Dress Border" | February 23, 2018 |
| VAu001238724 | "2016 Resort Fall OE9 Psychedelic Sunshine" | February 18, 2016 |
| VAu001134489 | "Resort 2013 FD8 Written in the Sun" | May 15, 2013 |

True and correct copies of the U.S. federal copyright registration certificates and U.S. Copyright Office registration information for the above-referenced Lilly Pulitzer Copyrighted Designs are attached hereto as **Exhibit 2**.

14.     Among the exclusive rights granted to Lilly Pulitzer under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Lilly Pulitzer Copyrighted Designs to the public.

**The Defendants**

15.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions.  Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial websites and online marketplaces operating under the Defendant Internet Stores.  Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Unauthorized Lilly Pulitzer Products to consumers within the United States, including the State of Illinois.

16.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Lilly Pulitzer Trademarks and/or unauthorized copies of the Lilly Pulitzer Copyrighted Designs in the same transaction, occurrence, or series of transactions or occurrences.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Lilly Pulitzer to learn Defendants' true identities and the exact interworking of their network.  In the event that Defendants provide additional credible information regarding their identities, Lilly Pulitzer will take appropriate steps to amend the Complaint.

## IV.   DEFENDANTS' UNLAWFUL CONDUCT

17.     The success of the Lilly Pulitzer brand has resulted in its significant counterfeiting. Consequently, Lilly Pulitzer has a worldwide brand protection program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers.  Lilly Pulitzer has identified numerous domain names linked to fully

10

interactive websites and marketplace listings on platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, including the Defendant Internet Stores, which were offering for sale and selling Unauthorized Lilly Pulitzer Products to consumers in this Judicial District and throughout the United States. Despite Lilly Pulitzer's enforcement efforts, Defendants have persisted in creating the Defendant Internet Stores. E-commerce sales, including through Internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. **Exhibit 3**, Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id*. Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id*. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

18.    Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union and/or PayPal. Upon information and belief, the Defendant Internet Stores often include content and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized retailer. Upon information and belief, many Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Lilly Pulitzer has not licensed or authorized Defendants to

11

use its Lilly Pulitzer Trademarks or copy or distribute the Lilly Pulitzer Copyrighted Designs, and none of the Defendants are authorized retailers of genuine Lilly Pulitzer Products.

19.     Upon information and belief, many Defendants also deceive unknowing consumers by using the Lilly Pulitzer Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Lilly Pulitzer Products.  Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores' listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Lilly Pulitzer Products. Other Defendants only show Lilly Pulitzer Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Lilly Pulitzer Products.

20.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information.  Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses.  Upon information and belief, such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

12

21.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores.  For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names.  In addition, Unauthorized Lilly Pulitzer Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being unauthorized, suggesting that the Unauthorized Lilly Pulitzer Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.  The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images.

22.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts.  For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.  Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received.  Rogue servers are notorious for ignoring take down demands sent by brand owners.  Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

23.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can

continue operation in spite of Lilly Pulitzer's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicate that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

24.     Defendants, without any authorization or license from Lilly Pulitzer, have knowingly and willfully used and continue to use the Lilly Pulitzer Trademarks and/or copies of the Lilly Pulitzer Copyrighted Designs in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Lilly Pulitzer Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Unauthorized Lilly Pulitzer Products into the United States, including Illinois.

25.     Defendants' unauthorized use of the Lilly Pulitzer Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Lilly Pulitzer Products, including the sale of Unauthorized Lilly Pulitzer Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Lilly Pulitzer.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

26.     Lilly Pulitzer hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25.

27.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Lilly Pulitzer

Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Lilly Pulitzer Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Lilly Pulitzer Products offered, sold or marketed under the Lilly Pulitzer Trademarks.

28. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Lilly Pulitzer Trademarks without Lilly Pulitzer's permission.

29. Lilly Pulitzer is the exclusive owner of the Lilly Pulitzer Trademarks. Lilly Pulitzer's United States Registrations for the Lilly Pulitzer Trademarks (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendants have knowledge of Lilly Pulitzer's rights in the Lilly Pulitzer Trademarks, and are willfully infringing and intentionally using counterfeits of the Lilly Pulitzer Trademarks. Defendants' willful, intentional and unauthorized use of the Lilly Pulitzer Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

30. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Lilly Pulitzer has no adequate remedy at law, and if Defendants' actions are not enjoined, Lilly Pulitzer will continue to suffer irreparable harm to its reputation and the goodwill of its famous Lilly Pulitzer Trademarks.

32. The injuries and damages sustained by Lilly Pulitzer have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Lilly Pulitzer Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33.     Lilly Pulitzer hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32.

34.     Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Lilly Pulitzer Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Lilly Pulitzer or the origin, sponsorship, or approval of Defendants' Unauthorized Lilly Pulitzer Products by Lilly Pulitzer.

35.     By using the Lilly Pulitzer Trademarks on the Unauthorized Lilly Pulitzer Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Lilly Pulitzer Products.

36.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Lilly Pulitzer Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37.     Lilly Pulitzer has no adequate remedy at law and, if Defendants' actions are not enjoined, Lilly Pulitzer will continue to suffer irreparable harm to its reputation and the associated goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, *et seq.*)

38.     Lilly Pulitzer hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

16

39.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Unauthorized Lilly Pulitzer Products as those of Lilly Pulitzer, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Lilly Pulitzer Products, representing that their products have Lilly Pulitzer's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

40.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

41.     Lilly Pulitzer has no adequate remedy at law, and Defendants' conduct has caused Lilly Pulitzer to suffer damage to its reputation and associated goodwill.  Unless enjoined by the Court, Lilly Pulitzer will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT IV
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 AND 501)

42.     Lilly Pulitzer hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 41.

43.     Lilly Pulitzer is the owner of valid and enforceable Lilly Pulitzer Copyrighted Designs, which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq*.

44.     Lilly Pulitzer has complied with the registration requirements of 17 U.S.C. § 411(a) for the Lilly Pulitzer Copyrighted Designs and has obtained copyright registrations for the Lilly Pulitzer Copyrighted Designs.

45.     Defendants do not have any ownership interest in the Lilly Pulitzer Copyrighted Designs.  Defendants had access to the Lilly Pulitzer Copyrighted Design via the internet.

46.     Without authorization from Lilly Pulitzer, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works incorporating the Lilly Pulitzer Copyrighted Designs on the Defendant Internet Stores and the corresponding Unauthorized Lilly Pulitzer Products.  Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Lilly Pulitzer Copyrighted Designs.  Such conduct infringes and continues to infringe the Lilly Pulitzer Copyrighted Designs in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

47.     Defendants reap the benefits of the unauthorized copying and distribution of the Lilly Pulitzer Copyrighted Design in the form of revenue and other profits that are driven by the sale of Unauthorized Lilly Pulitzer Products.

48.     The Defendants have unlawfully appropriated Lilly Pulitzer's protectable expression by taking material of substance and value and creating Unauthorized Lilly Pulitzer Products that capture the total concept and feel of the Lilly Pulitzer Copyrighted Designs.

49.     Upon information and belief, the Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to, Lilly Pulitzer's rights.

50.     The Defendants, by their actions, have damaged Lilly Pulitzer in an amount to be determined at trial.

51.     Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Lilly Pulitzer great and irreparable injury that cannot fully be compensated or measured in money.  Lilly Pulitzer has no adequate remedy at law.  Pursuant to 17 U.S.C. §

502, Lilly Pulitzer is entitled to a preliminary and permanent injunction prohibiting further infringement of the Lilly Pulitzer Copyrighted Designs.

**PRAYER FOR RELIEF**

WHEREFORE, Lilly Pulitzer prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Lilly Pulitzer Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Lilly Pulitzer Product or is not authorized by Lilly Pulitzer to be sold in connection with the Lilly Pulitzer Trademarks;

   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Lilly Pulitzer Copyrighted Designs in any manner without the express authorization of Lilly Pulitzer;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Lilly Pulitzer Product or any other product produced by Lilly Pulitzer that is not Lilly Pulitzer's or not produced under the authorization, control, or supervision of Lilly Pulitzer and approved by Lilly Pulitzer for sale under the Lilly Pulitzer Trademarks and/or the Lilly Pulitzer Copyrighted Designs;

   d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Lilly Pulitzer Products are those sold under the authorization, control, or

19

supervision of Lilly Pulitzer, or are sponsored by, approved by, or otherwise connected with Lilly Pulitzer;

e. further infringing the Lilly Pulitzer Trademarks and/or the Lilly Pulitzer Copyrighted Designs and damaging Lilly Pulitzer's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Lilly Pulitzer, nor authorized by Lilly Pulitzer to be sold or offered for sale, and which bear any Lilly Pulitzer trademark, including the Lilly Pulitzer Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Lilly Pulitzer Copyrighted Designs;

2) Entry of an Order that, at Lilly Pulitzer's choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Lilly Pulitzer, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Lilly Pulitzer's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), shall take any steps necessary to transfer the Defendant Domain Names to a registrar account of Lilly Pulitzer's selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

3) Entry of an Order that, upon Lilly Pulitzer's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms

such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo, and domain name registrars, including, but not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall:

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Lilly Pulitzer Trademarks and/or which bear the Lilly Pulitzer Copyrighted Designs;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Lilly Pulitzer Trademarks and/or which bear the Lilly Pulitzer Copyrighted Designs; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index;

4) That Defendants account for and pay to Lilly Pulitzer all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Lilly Pulitzer Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) In the alternative, that Lilly Pulitzer be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Lilly Pulitzer Trademarks;

6) As a direct and proximate result of Defendants' infringement of the Lilly Pulitzer Copyrighted Designs, Lilly Pulitzer is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

7) Alternatively, and at Lilly Pulitzer's election prior to any final judgment being entered, Lilly Pulitzer is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

8) Lilly Pulitzer is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

9) Award any and all other relief that this Court deems just and proper.

Dated this 22nd day of August 2019.     Respectfully submitted,


/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rjohnson@gbc.law

*Counsel for Plaintiff Sugartown Worldwide LLC*